AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means    ☑ Original    ☐ Duplicate

**CLERK'S OFFICE**
**A TRUE COPY**
Mar 19, 2024
s/ Mariah Kauder
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>The Use of a Cell-Site Simulator to Locate the<br>Cellular Device Assigned Call Number<br>(262) 993-0926 | Case No. 24-M-359 (SCD) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____
*(identify the person or describe the property to be searched and give its location):*

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before    4-2-24    *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.    ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to    Hon. Stephen C. Dries    .
*(United States Magistrate Judge)*

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*    ☑ until, the facts justifying, the later specific date of    09/15/2024    .

Date and time issued:    3-19-24. 1:40 pm    _____
                                                                        *Judge's signature*

City and state:    Milwaukee, WI    Honorable Stephen C. Dries, U.S. Magistrate Judge
                                                                        *Printed name and title*

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

| Certification |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge. |

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

# ATTACHMENT A

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned phone number (262) 993-0926, whose wireless provider is U.S. Cellular, the Target Cell Phone.

## ATTACHMENT B

Pursuant to an investigation of Malik Y NICHOLS for a violation of 21 U.S.C. § 841(a)(1), this Warrant authorizes the officers to whom it is directed to determine the location of the the Target Cell Phone by collecting and examining:

1. radio signals emitted by the Target Cell Phone for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and

2. radio signals emitted by the Target Cell Phone in response to radio signals sent to the cellular device by the officers;

for a period of thirty days, during all times of day and night. This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).

# UNITED STATES DISTRICT COURT

for the
Eastern District of Wisconsin

CLERK'S OFFICE
A TRUE COPY
Mar 19, 2024
/s/ Mariah Kauder
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

In the Matter of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 24-M-359 (SCD)
)
The Use of a Cell-Site Simulator to Locate the Cellular )
Device Assigned Call Number (262) 993-0926 )
)

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____ District of _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with the intent to distribute and distribution of controlled substances. |

The application is based on these facts:
See Affidavit in Support of an Application for a Search Warrant. To ensure technical compliance with the Pen Register Statute, 18 U.S.C. §§ 3121-3127, this warrant also functions as a pen register order. Consistent with the requirement for an application for a pen register order, I certify that the information likely to be obtained is relevant to an ongoing criminal investigation conducted by the FBI and the FBI Task Force. See 18 U.S.C. §§ 3122(b), 3123(b).

☑ Continued on the attached sheet.
☑ Delayed notice of 180 days *(give exact ending date if more than 30 days:* 09/15/2024 *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

ELIZABETH MONFILS  Digitally signed by ELIZABETH MONFILS
Date: 2024.03.18 13:47:10 -05'00'

*Applicant's signature*

Elizabeth M. Monfils, AUSA
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
telephone *(specify reliable electronic means)*.

Date: 03/19/2024

*Judge's signature*

City and state: Milwaukee, WI    Honorable Stephen C. Dries, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, Donald J Gaglione Jr, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique, which is described in Attachment B, to determine the location of the cellular device assigned call number (262) 993-0926 ("Target Cell Phone"), which is described in Attachment A.

2. I am a Task Force Officer, with the Federal Bureau of Investigation and have experience in the investigation, apprehension and prosecution of individuals involved in federal criminal offenses, the use of cellular devices to commit those offenses and the available technology that can be used by law enforcement to assist in identifying the users of cellular devices and their location.

3. I have experience in the investigation, apprehension, and prosecution of individuals involved in federal criminal offenses, the use of cellular devices to commit those offenses, and the available technology that can be used by law enforcement to assist in identifying the users of cellular devices and their location. I am currently assigned to the Milwaukee Area Safe Streets Task Force (MASSTF), where I conduct investigations involving narcotics and weapons trafficking, and violent gangs.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses.

1

This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and therefore does not set forth all of my knowledge about this matter.

5. One purpose of applying for this warrant is to determine with precision the Target Cell Phone's location. However, there is reason to believe the Target Cell Phone is currently located somewhere within this district because its owner is known to spend most of his time in this district; the telephone number area code corresponds to this district; its owner was seen in this district on March 15, 2024; and location data obtained for the Target Cell Phone indicated that it was normally to be found in this district and was in this district as recently as March 18, 2024. Pursuant to Rule 41(b)(2), law enforcement may locate the Target Cell Phone outside the district provided the device is within the district when the warrant is issued.

6. Based on the facts set forth in this affidavit, there is probable cause to believe that Malik Y. NICHOLS (XX/XX/1996) is using the Target Cell Phone. I know from training and experience that cell phone users normally have their cell telephones with them, so locating a user's cell phone will show that user's location. I believe that locating the Target Cell Phone will constitute and lead to evidence of federal offenses, namely 21 U.S.C. § 841(a)(1), that have been committed by NICHOLS, and are being committed by NICHOLS.

7. Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), this warrant is designed to comply with the Pen Register Statute

as well as Rule 41. See 18 U.S.C. §§ 3121-3127. This warrant therefore includes all the information required to be included in a pen register order. See 18 U.S.C. § 3123(b)(1).

## PROBABLE CAUSE

8. Since March of 2023, the FBI and the Milwaukee Police Department (MPD) have been investigating members and associates of the Burleigh Zoo Family (BZF) street gang for violations of drug trafficking, illegal firearms possession and trafficking, among other crimes. In January of 2024, case agents interviewed a confidential source, CS #1. CS #1 identified multiple members and associates of the BZF street gang, who are involved in drug trafficking, weapon violations, and other crimes, including Malik Y NICHOLS (dob: XX/XX/1996).

9. For several reasons, case agents believe that CS #1 is reliable and credible. First, CS #1 has been providing information since October of 2023. Second, the information provided by CS #1 is consistent with evidence obtained elsewhere in this investigation where CS #1 was not utilized, and substantial portions of CS #1's information has been corroborated through independent investigation, including police reports and law enforcement databases. CS #1 is cooperating for consideration on pending federal charges for armed robberies and possession of a firearm during a crime of violence. CS #1 has two prior convictions for armed robbery. Finally, CS #1 has had an adequate opportunity to directly observe the events discussed and/or has heard conversations directly from the individuals discussed herein. For these reasons, case agents believe CS #1 to be reliable.

10. CS #1 stated that s/he has known NICHOLS for more than 10 years and stated that he knows that NICHOLS is an associate of BZF members and is related to other members of the BZF street gang. CS #1 stated that s/he knows that NICHOLS sells controlled substances and has personally observed NICHOLS in possession of suspected controlled substances, which NICHOLS represented to be controlled substances, on multiple occasions, including during the month of January of 2024.

11. On January 16, 2024, CS #1, acting under the direction and control of case agents, conducted a controlled buy of cocaine base from NICHOLS. Prior to the controlled buy, CS #1 called NICHOLS on the Target Cell Phone to arrange the purchase of cocaine. The call to NICHOLS was in the presence of case agents who confirmed that the number called was the Target Cell Phone number and case agents were able to hear the content of the conversation. NICHOLS directed CS #1 to the area of N Teutonia Avenue and W Villard Avenue at a gas station, but ultimately changed the location to the intersection of N 32nd St and W Lancaster Avenue. The controlled buy was recorded both utilizing audio and video recording equipment and said recordings are maintained in the custody of the FBI. Case agents and law enforcement had also established surveillance in the area of 5065 N. 32nd Street, Milwaukee and observed NICHOLS exit from the residence at 5065 N 32nd St, meet with CS #1 and conduct a hand-to-hand transaction before entering a nearby vehicle where he remained for a period of time before departing the area. After the controlled buy, CS #1 met with case agents and case agents recovered 43.6 grams of suspected cocaine.

The suspected cocaine was field tested and tested positive for the presence of cocaine base.

12. Based on my training and experience, I know a "controlled buy" is a law enforcement operation in which an informant purchases drugs from a target. The operation is conducted using surveillance, usually audio and video taping equipment, and pre-recorded purchase money. When an informant is used, s/he is searched for contraband, weapons, and money before the operation. The informant is also wired with a concealed body recorder and/or a monitoring device. When the transaction is completed, the informant meets cases agents at a pre-determined meet location and gives the purchased drugs and the recording/monitoring equipment to the case agents. The informant is again searched for contraband, weapons, and money and then interviewed by the case agents about the drug transaction. A sample of the suspected drugs is then field tested by the case agents for the presence of controlled substances and then placed in inventory pursuant to normal inventory procedures. All of the calls to the target by the informants are consensually recorded calls under the direction and control of case agents and made in the presence of case agents. Additionally, case agents observe the informants dial the target's number on each occasion and the contact is verified through telephone records.

13. On February 5, 2024, CS #1, acting under the direction and control of case agents, conducted a controlled buy of cocaine/cocaine base from NICHOLS. Before the controlled buy, CS #1 called NICHOLS on the Target Cell Phone to arrange the purchase of cocaine / cocaine base. NICHOLS directed CS #1 to the area of N. 32nd

Street and W. Lancaster Avenue. Case agents and law enforcement had also established surveillance in the area of 5065 N. 32nd Street, Milwaukee and observed NICHOLS meet with CS #1.

14. Ultimately, NICHOLS, accompanied by an individual that had arrived in the same vehicle as NICHOLS (a Jeep Grand Cherokee), directed CS #1 to follow to an additional location. Surveillance followed NICHOLS and CS #1 to the area of approximately 4913 N. 38th Street, where NICHOLS parked the Jeep Cherokee on the rear slab of 4912 N. 38th Street and met again with CS #1 within a vehicle on the roadway to conduct the transaction with CS #1. After the controlled buy, CS #1 met with case agents and case agents recovered 139.6 grams of suspected cocaine and 31.1 grams of suspected cocaine base (packaged weight). The suspected cocaine and cocaine base were both field tested and tested positive for the presence of cocaine and cocaine base, respectively.

15. On February 8, 2024, the Honorable Stephen C. Dries, United States Magistrate Judge, authorized a search warrant for the location information of the Target Telephone. An extension of this authorization was granted on March 8, 2024. *See* 24-M-325.

16. Using the court-authorized location data for the Target Telephone, case agents have identified locations frequented by NICHOLS, which corroborates information known to case agents.

17. The investigation reflects that NICHOLS has been associated with 5065 N. 32nd Street, Milwaukee, Wisconsin, and 4912 N. 38th Street, Milwaukee, Wisconsin. The

location data that case agents have received encompasses an area that includes both addresses, making it difficult to determine NICHOLS' precise location. However, on February 14, 2024, using the location information for the Target Cell Phone, case agents conducted physical surveillance observed NICHOLS' Jeep Grand Cherokee parked at 4912 N. 38th Street.

18. Additionally, based upon the location information for the Target Cell Phone, case agents learned of patterns of movement for NICHOLS. Specifically, the location data reflects that NICHOLS has been staying overnight in the area of 21st and Kilbourne Avenue, leading case agents to believe that NICHOLS may have a new residence and/or is associated with a new residence. Case agents intend to conduct physical surveillance in this area when the location information for the Target Cell Phone reflects it to be in that corresponding area.

19. Furthermore, affiant is aware that CS #1 reported to investigators that NICHOLS was traffic stopped in his regularly used vehicle (the Jeep Grand Cherokee), and that since this interaction with law enforcement, although no search or arrest occurred, NICHOLS has not since been observed operating the Jeep Cherokee. Rather, NICHOLS has since been observed operating a vehicle not familiar to case agents.

20. Affiant corroborated this information and learned that NICHOLS was stopped and cited in his 2014 Jeep Grand Cherokee on February 14, 2024.

21. Case agents believe that the location data requested in this application would aid in attempts to identify new vehicles operated by NICHOLS and residences frequented or maintained by NICHOLS.

22. The court-authorized location data received fot the Target Cell Phone varies in the level of precision as it relates to the device's actual physical location. As one example, as described above, the location data of the Target Cell Phone sometimes encompasses two locations that NICHOLS is associated with, making it difficult for case agents to know at which location NICHOLS' device is actually located. Therefore, one purpose of applying for this warrant is to determine the Target Cellular Device's location with precision.

23. Based upon searches of law enforcement databases and administrative subpoenas case agents determined that the Target Cell Phone's service provider is US Cellular.

## MANNER OF EXECUTION

24. In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

25. To facilitate execution of this warrant, law enforcement may use an investigative device or devices capable of broadcasting signals that will be received by the Target Cellular Device or receiving signals from nearby cellular devices, including the Target Cellular Device. Such a device may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by

a cell phone to communicate with others. The device may send a signal to the Target Cellular Device and thereby prompt it to send signals that include the unique identifier of the device. Law enforcement may monitor the signals broadcast by the Target Cellular Device and use that information to determine the Target Cellular Device's location, even if it is located inside a house, apartment, or other building.

26. The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the Target Cellular Device, the device may briefly exchange signals with all phones or other cellular devices in its vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the Target Cellular Device, and law enforcement will limit collection of information from devices other than the Target Cellular Device. To the extent that any information from a cellular device other than the Target Cellular Device is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the Target Cellular Device from all other cellular devices.

## AUTHORIZATION REQUEST

27. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41. The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

28.   I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 180 days from the end of the period of authorized surveillance. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cellular Device would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and continue to flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). There is reasonable necessity for the use of the technique described above, for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

29.   I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cellular Device outside of daytime hours.

30.   A search warrant may not be legally necessary to compel the investigative technique described herein. Nevertheless, I hereby submit this warrant application out of an abundance of caution.

Respectfully Submitted,

Donald J Gaglione Jr
FBI TFO

Subscribed and sworn to before me
by telephone on 3/19/24

UNITED STATES MAGISTRATE JUDGE
Stephen C. Dries

## ATTACHMENT A

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned phone number (262) 993-0926, whose wireless provider is U.S. Cellular, the Target Cell Phone.

# ATTACHMENT B

Pursuant to an investigation of Malik Y NICHOLS for a violation of 21 U.S.C. § 841(a)(1), this Warrant authorizes the officers to whom it is directed to determine the location of the the Target Cell Phone by collecting and examining:

1. radio signals emitted by the Target Cell Phone for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and

2. radio signals emitted by the Target Cell Phone in response to radio signals sent to the cellular device by the officers;

for a period of thirty days, during all times of day and night. This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).